# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

SHANNON M. SIMMONS,

    Plaintiff,

v.

DNC HOSPITALITY MANAGEMENT OF OKLAHOMA, LLC,

    Defendant.

Case No. CIV-14-386-RAW

# ORDER & OPINION[1]

Plaintiff filed her Complaint in this action on September 8, 2014, bringing claims against Defendant for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. Plaintiff alleges that she was subjected to pervasive non-remediated conduct for months despite repeatedly reporting it and that she suffered adverse employment actions, including constructive discharge. Now before the court is Defendant's motion for summary judgment [Docket No. 25]. Defendant argues that viewing the facts in the light most favorable to Plaintiff, her claims fail as a matter of law. Plaintiff argues that there is substantial controversy as to material facts regarding her claims of sexual harassment and retaliation.

The court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, the court "view[s] the evidence and draw[s] reasonable inferences

---

[1] For clarity and consistency herein, when the court cites to the record, it uses the pagination assigned by CM/ECF.

therefrom in the light most favorable to the nonmoving party." Kimzey v. Flamingo Seismic Solutions, Inc., 696 F.3d 1045, 1048 (10th Cir. 2012). Of course, the court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

"Conclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment." Harvey Barnett, Inc. v. Shidler, 338 F.3d 1125, 1136 (10th Cir. 2003) (citation omitted).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Additionally, the court "need not consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

**UNDISPUTED MATERIAL FACTS**

Plaintiff began working for Defendant at the Choctaw Casino and Resort in Durant, Oklahoma on May 9, 2012 as a prep cook. She was promoted to a grill cook on August 20, 2012. In January 2013, she was promoted to a supervisor.

In December 2012, Plaintiff attended a Harassment and Conduct in the Workplace Training Course. A test was given after the course. On the test Plaintiff indicated she had learned that "repeated requests for a date can contribute to environmental sexual harassment" and that such harassment should be reported to her supervisor. Shortly after that training, in January 2013, Plaintiff reported to her third-shift supervisor, Ms. Allen, that a co-worker, Mr.

2

Smith, had repeatedly asked her on dates and commented on her looks beginning in November of 2012. Ms. Allen engaged in a "coaching on conduct" with Mr. Smith, telling him that his behavior was inappropriate and against Defendant's policy and that it had to stop.

Mr. Smith continued the harassing behavior, and Plaintiff continued to report it verbally to several supervisors. Ms. Allen observed the behavior herself and told Mr. Smith to stop on more than one occasion. On March 16, 2013, Plaintiff submitted a written statement about Mr. Smith's harassing behavior to Human Resources. The statement reads:

> I Shannon Simmons have been dealing with Jeremy Smith giving me trouble about asking me out for dinner and drinks even when I have told him no that I have a boyfriend and did not want to, he continued to harass me about it and when told no he gets really mad and starts being a jerk to everyone and will not communicate to anyone what we need and it creates a hostile work environment. Jeremy has been pulled aside by supervisors several times and the issue has still not stopped. It has still been ongoing, and I am beginning to feel really uncomfortable and it makes my job very stressful. Several co-workers especially 3rd shift . . . and some 2nd shift workers have also witnessed this. I want this to be taken care of, but I do not want to be moved, and I feel I should not be moved either. This has been going on for 4-5 months or more.

Docket No. 26, Exh. 2, p. 4. Plaintiff also reported to Human Resources that every time she worked with Mr. Smith he harassed her. He made several threatening statements to Plaintiff including, *inter alia*, "don't make me go get my belt," "I'll get you, I always get what I want," and that "he would go to his truck and get a chain and put a leash on [Plaintiff] like [she] should be." Plaintiff further reported that he "intimidates me, gets real close . . . he's mad when I tell him no, stops talking to everybody and slams things around."

The Human Resources Manager, Ms. Baron, investigated the complaint and determined that Mr. Smith's behavior was pervasive and disturbing. Mr. Smith was then placed him on "indefinite counseling," which meant that he would be terminated if he had further contact with Plaintiff and that he was not eligible for a promotion for six months. Upon his return to work, Mr. Smith was again assigned to work with and under the supervision of Plaintiff.

Around this same time, Defendant received a complaint about the fact that Plaintiff was in an inappropriate supervisory position over her step-sister and her boyfriend. Plaintiff acknowledged that she was supervising her step-sister and her boyfriend and that she knew that it was against Defendant's policy, but stated that the Human Resources Manager, Ms. Baron, had approved it. In December 2012, prior to her promotion to supervisor, Ms. Baron was informed of Plaintiff's dating relationship with her boyfriend.

On April 16, 2013, Ms. Barron decided to give Plaintiff and her boyfriend "indefinite counseling" because of the inappropriate supervisory relationship.[2] On April 18, 2013, Plaintiff was called to a meeting to discuss the issue of her supervising her step-sister and boyfriend. At the meeting, Ms. Barron stated that she was leaning toward moving Plaintiff to another shift rather than move two other people. Plaintiff explained that changing shifts would not work for her and stated that she felt all of this was in retaliation for her sexual harassment reports against Mr. Smith. Plaintiff began to cry, stated she did not think anything would ever be done to stop Mr. Smith's harassing behavior and walked out.

## *Sexual Harassment Claim*

Title VII "operates to protect employees from gender-related misconduct that disrupts job performance." Bertsch v. Overstock.com, 684 F.3d 1023, 1028 (10th Cir. 2012). Title VII does not protect employees from conduct that is "merely insensitive, tasteless, or vulgar." Id. "For sexual harassment to be actionable, it must be sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.'" Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986) (citation omitted).

---

[2] Plaintiff also notes that in April 2013, she was denied a request for a two-day vacation with her boyfriend.

Defendant argues that the actions of Mr. Smith here do not rise to the level of severe or pervasive conduct. The Tenth Circuit has stated that a supervisor patting an employee's buttocks and saying "you need a spanking and you're gonna like it" on one occasion, combined with his being "overly friendly," flirtatious and sharing "his personal business" with her was not legally actionable under Title VII. Hearron v. Voith Indus. Servs., Inc., 483 Fed.Appx. 453, 454-55 (10th Cir. 2012). This case is quite different. Plaintiff does not complain of a harassing statement on one occasion. Plaintiff complains of harassing and/or threatening statements on every occasion that she worked with Mr. Smith.

Defendant argues that since Plaintiff was Mr. Smith's supervisor, he was not likely to be able to affect the conditions of her employment or working environment. It is clear from the undisputed facts that Defendant is incorrect on this. At the very least, a genuine issue of material fact exists as to whether he affected her working environment.

Defendant further argues that it is not liable for Mr. Smith's actions because it took remedial measures to prevent his harassment against Plaintiff. An "employer's liability for allowing a sexually hostile work environment after it is reported to the employer by the employee arises only if the employer fails to take *adequate* remedial and preventative responses to any actually or constructively known harassment." Bertsch, 684 F.3d at 1028. (emphasis added)(citation omitted). Clearly, the Defendant here did not take *adequate* actions to stop the harassment, as the harassment continued for months despite Plaintiff's repeated complaints. Not only did Defendant fail to remedy the harassment, it forced Plaintiff to continue to work with and supervise Mr. Smith even after he had been repeatedly reprimanded and placed on "indefinite counseling." Defendant's motion is denied as to the harassment claim.

## *Retaliation Claim*

To establish a *prima facie* case of retaliation, Plaintiff must show "that she engaged in protected opposition to discrimination, and, as a result, suffered materially adverse action, i.e., action sufficient to "dissuade" a reasonable worker from making her complaint." Bertsch, 684 F.3d at 1028. Defendant may then show a legitimate non-retaliatory reason for its decision. Id. If it does, Plaintiff must show that the given reason is pretext. Id. In determining whether the Defendant's stated reason for its actions against Plaintiff is pretext, the court looks to whether the Defendant in good faith believes the Plaintiff engaged in misconduct or whether its reason is pretext. Tran v. Trustees of State Colleges in Colorado, 355 F.3d 1263, 1270 (10th Cir. 2004).

It is undisputed that Plaintiff engaged in protected opposition to discrimination. Defendant argues that she did not suffer a materially adverse action. Plaintiff argues that she suffered adverse actions when Defendant denied her vacation request and when it chose to move her shift and discipline her for supervising her boyfriend and step-sister. Plaintiff further argues that these actions combined with the continued harassment by Mr. Smith resulted in her constructive discharge. Defendant argues that Plaintiff's working conditions did not change and that she simply quit during a meeting about her violation of Defendant's policy against close personal relationship with employees and supervisors.

While the court is not convinced by the denial of two vacation days, a genuine issue of fact exists as to whether she suffered a constructive discharge. As Defendant argues, "[a] constructive discharge occurs when a reasonable person in the employee's position would view her working conditions as intolerable and would feel that she had no other choice but to quit." Id. Defendant never adequately addressed Mr. Smith's harassment of Plaintiff, as the harassment continued. Then suddenly around the same time of her written statement about the harassment,

6

Defendant decided to reprimand her and her boyfriend with "indefinite counseling" for their relationship and move Plaintiff to another shift, despite the fact that Ms. Baron knew or should have known about Plaintiff's relationship with her boyfriend before Plaintiff was promoted to be his supervisor. Under these circumstances, a reasonable person could view her working conditions with the continued harassment as intolerable, believe that the sudden discipline for something that seemed to be permitted previously was retaliation and feel that she had no other choice but to quit.

Moreover, for these same reasons, a genuine issue of material fact exists as to whether Defendant's stated reason for the meeting and reprimand against Plaintiff and her boyfriend – that she was in an inappropriate supervisory position over him – is pretextual.

**CONCLUSION**

Genuine issues of material fact exist as to whether there was pervasive non-remediated conduct and as to whether Defendant retaliated against Plaintiff for reporting it.[3] Accordingly, Defendant's motion for summary judgment [Docket No. 25] is hereby DENIED.

**IT IS SO ORDERED** this 20th day of July, 2015.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**

---

[3] In fact, had Plaintiff filed a motion for summary judgment, the court may have been inclined to grant it as to the pervasive non-remediated conduct. Issues of fact certainly exist as to whether Defendant retaliated against her for reporting it.